# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NOBLE COLT, LLC,** | CIVIL ACTION NO. 1:15-CV-1649 |
| Plaintiffs | |
| v. | (Chief Judge Conner) |
| **BILLIE J. KEARSE; J. MICHAEL FELICIANO; WILMINGTON FINANCE, INC. FOR MERS; BENEFICIAL CONSUMER DISCOUNT COMPANY DBA BENEFICIAL MORTGAGE CO. OF PA.; METRO BANK; COMMONWEALTH OF PENNSYLVANIA; and UNITED STATES OF AMERICA,** | |
| Defendants | |

## ORDER & JUDGMENT

AND NOW, this 26th day of June, 2017, upon consideration of the motion (Doc. 29) for summary judgment filed by defendant United States of America, and the parties' respective briefs in support of and opposition to said motion, (Docs. 30, 32, 34), wherein the parties dispute whether a Pennsylvania tax sale at which plaintiff Noble Colt, LLC ("Noble Colt") purchased title to property located at 27 Pine Street in York, Pennsylvania—the subject of the instant quiet title action—qualifies as a judicial or nonjudicial sale under the Internal Revenue Code, specifically, 26 U.S.C. § 7425, and, depending on the type of sale, whether the government received proper notice of the sale sufficient to discharge its tax lien on the disputed property, and the court observing that, through summary adjudication, we may dispose of those claims that do not present a "genuine

dispute as to any material fact,"[1] FED. R. CIV. P. 56(a), and the court taking the parties' disputes *seriatim*: *first*, with regard to the type of sale herein, it appearing that the definition of "judicial sale" under 26 U.S.C. § 7425(a) is not well settled, but that a court order, decree, or judgment directing a sale is an indicator of a judicial sale, A. H. & R. S. Coal Corp. v. United States, 461 F. Supp. 752, 755 (W.D. Pa. 1978) (quoting City of New Castle v. Whaley's Heirs, 157 A. 503, 504 (Pa. Super. Ct. 1931); *In re* Sale of Certain Unmined Coal of Pittsburgh or River Vein Owned by Fayette Cty. Inst. Dist., 76 A.2d 194, 196 (Pa. 1950)), and the court noting that in determining whether a sale is a § 7425(a) judicial sale, a court must evaluate the particular sale's circumstances, United States v. Capobianco, 836 F.2d 808, 817 (3d Cir. 1988), and

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Noble Colt challenges multiple facts in its responsive Rule 56.1 statement. (See Doc. 33). To the extent Noble Colt clarifies statements made by the government based on uncontroverted record evidence, the court finds that there are no issues of material dispute. (See id. ¶¶ 1-5, 10). Noble Colt also denies several pertinent paragraphs concerning service on federal government entities, claiming that it "has no knowledge, information or belief" as to service on said entities. (Id. ¶¶ 6-9). The government supports these disputed paragraphs with official court documents and affidavits from government officials. (See Doc. 31 ¶¶ 6-9, Doc. 31-4, Doc. 31-5, Doc. 31-6). Both government affiants state that they have personal knowledge of whether the concerned federal entities received notice of the Pennsylvania tax sale disputed herein. (Doc. 31-5 ¶¶ 1-2; see Doc. 31-6). Noble Colt does not contend that these affiants lack the "personal knowledge" required by the Federal Rules of Civil Procedure, see FED. R. CIV. P. 56(c)(4), and offers no contrary evidence to support its denials of the government's statements as required by the Local Rules. See LOCAL RULE OF COURT 56.1. The court concludes that the challenged paragraphs of the government's Rule 56.1 statement are fully and properly supported by uncontroverted record evidence and affidavits. See FED. R. CIV. P. 56(c)(4); LOCAL RULE OF COURT 56.1.

also noting that other courts in the Third Circuit have evaluated tax sales in the context presenting *sub judice* and have concluded that a Pennsylvania tax sale pursuant to 72 PA. STAT. & CONS. STAT. ANN. §§ 5860.611-612—based on a judge's order—qualifies as a judicial sale under § 7425(a), see First N. Bank & Tr. Co. v. United States (I.R.S.), No. 3:13-CV-01446, 2014 WL 2810118, at *5-9 (M.D. Pa. June 20, 2014); Acquisto v. United States, No. 1:08-CV-2184, 2010 WL 2852900, at *4 (M.D. Pa. June 30, 2010), report and recommendation adopted by 2010 WL 2852910 (M.D. Pa. July 20, 2010); United States v. Aultman, No. 04-1153, 2006 WL 544401, at *2 (W.D. Pa. Mar. 6, 2006), and the court agreeing with the *ratio decidendi* of these opinions and concluding that the two judicial orders (Doc. 33-1 at 5-6) authorizing the sale of the contested property pursuant to 72 PA. STAT. & CONS. STAT. ANN. § 5860.612(a) qualify the disputed sale as a § 7425(a) judicial sale; and *second*, with respect to proper service on the government, the court observing that Congress enacted 26 U.S.C. § 7425 to "prevent the discharge of federal tax liens by operation of local law in circumstances where the government was not given notice or an opportunity to protect its interests," Capobianco, 836 F.2d at 817, and it appearing that the United States must receive statutorily-prescribed notice of a judicial sale affecting property with a federal tax lien for the discharge of said lien to occur, 26 U.S.C. § 7425(a); 28 U.S.C. § 2410(b), and that a state tax bureau must serve the United States Attorney for the district in which said bureau will conduct the judicial sale and the Attorney General of the United States to satisfy the notice requirement, see 28 U.S.C. § 2410(b), and it further appearing that the York County Tax Claim Bureau failed to serve notice upon both federal entities, (see Doc. 31-5 ¶ 7; Doc.

3

31-6), and the court thus finding that the government did not receive proper notice of the disputed tax sale, see 28 U.S.C. § 2410(b); Acquisto, 2010 WL 2852900, at *3; Aultman, 2006 WL 544401, at *3 & n.2; see also First N. Bank & Tr. Co., 2014 WL 2810118, at *4-5, and therefore concluding that the Pennsylvania judicial sale *sub judice* did not divest the government of its tax lien on the contested property *ipso jure*, see 26 U.S.C. §7425(a), it is hereby ORDERED that:

1. The government's motion (Doc. 29) for summary judgment is GRANTED.

2. Judgment is ENTERED in favor of the government and against Noble Colt. The federal tax liens identified at (Doc. 31-3) shall continue to encumber the property located at 27 Pine Street York, Pennsylvania.

3. The Clerk of Court is directed to close this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania